ROBERT D. HAASE, Commissioner Office of the Commissioner ofInsurance
You request my opinion regarding your authority to regulate administrators of self-funded or self-insured employe benefit plans. Specifically you ask whether you have the authority to regulate such administrators under chapter 633, Stats., created by section 3516r of 1991 Wisconsin Act 39 (budget bill) or whether this regulation is precluded by provisions of the Employee Retirement Income Security Act of 1974 (ERISA) and section 633.16.
Sections 633.01 through 633.17, as created by the budget bill, provide for regulation of employe benefit plan administrators by the Commissioner of Insurance. The specified elements regulated include administrator agreements (633.04), notification of insured (633.12), record retention (633.04 (4)), payment of claims (633.10), fiduciary responsibilities (633.09), bonding (633.14 (1)(b)) and licensure (633.13 (1)). Certain of these elements of state regulation are among the core elements regulated by ERISA; 29 U.S.C.A. § 1022 (1985) (plan description), 29 U.S.C.A. § 1021 (1985) (disclosure to insured), 29 U.S.C.A. §§ 1027, 1059 (1985) (retention of records), and 29 U.S.C.A. § 1104 (1985) (fiduciary duties). Thus the Legislature in section 633.16 provides that "[n]othing in this chapter gives the commissioner the authority to impose requirements on a plan that is exempt from state law under29 U.S.C. § 1144 (b) [ERISA]." *Page 291 
It is my opinion that you lack the authority to regulate administrators of self-funded or self-insured employe benefit plans, as set forth in chapter 633, because such authority is preempted by ERISA and therefore excluded by section 633.16. While "plan" is defined as "an insured or wholly or partially self-insured employe benefit plan" under section 633.01 (4), your question and therefore my answer relate only to self-funded or self-insured plans and do not consider insured or partially insured plans. The term self-funded plan as used hereafter should be deemed to also include self-insured plans.
In FMC Corp. v. Holliday, 498 U.S. 52 (1990), the United States Supreme Court determined that the ERISA "deemer clause" preempts state statutes that regulate self-funded employe benefit plans. As that Court stated, 498 U.S. at 56-58:
 In determining whether federal law pre-empts a state statute, we look to congressional intent. "`Pre-emption may be either express or implied, and "is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose."'" [Case cites omitted.] . . . We "begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." [Case cite omitted.] Three provisions of ERISA speak expressly to the question of pre-emption:
 "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." § 514 (a), as set forth in 29 U.S.C. § 1144 (a) (pre-emption clause).
 "Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." *Page 292 
§ 514 (b)(2)(A), as set forth in 29 U.S.C. § 1144
(b)(2)(A) (saving clause).
 "Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." § 514 (b)(2)(B), 29 U.S.C. § 1144
(b)(2)(B) (deemer clause).
 . . . The pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to" an employee benefit plan governed by ERISA. The saving clause returns to the States the power to enforce those state laws that "regulat[e] insurance," except as provided in the deemer clause. Under the deemer clause, an employee benefit plan governed by ERISA shall not be "deemed" an insurance company, an insurer, or engaged in the business of insurance for purposes of state laws "purporting to regulate" insurance companies or insurance contracts.
It appears that chapter 633 is intended to cover administrators of the same employe benefit plans covered by ERISA. "Employee benefit plan" as defined under ERISA includes "an employeewelfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C.A. § 1002 (3) (West Supp. 1992). "Employee welfare benefit plan" means for ERISA purposes:
 any plan, fund, or program . . . maintained by an employer or by an employee organization, or by both . . . for the purpose of providing . . . through the purchase of insurance or otherwise, . . . medical, surgical, or hospital *Page 293 
care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . .
29 U.S.C.A. § 1002 (1) (West Supp. 1992). "Employee pension benefit plan" means, for ERISA purposes:
 any plan, fund, or program . . . maintained by an employer or by an employee organization, or by both, to the extent that . . . such plan, fund, or program —
(i) provides retirement income to employees, or
 (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.
29 U.S.C.A. § 1002 (2)(A) (West Supp. 1992).
"Plan" is similarly defined at section 633.01 (4) as:
 an insured or wholly or partially self-insured employe benefit plan which . . . provides to one or more employes . . . benefits or services that include, but are not limited to, benefits for medical, surgical or hospital care, benefits in the event of sickness, accident, disability or death, or benefits in the event of unemployment or retirement.
It is thus apparent that the plan administrators to be regulated under chapter 633 are regulated by ERISA. It also appears that the United States Supreme Court has interpreted the ERISA preemption to broadly preclude the operation of state laws which deal not only with ERISA core subject matters or are designed to affect employe benefit plans but those which merely "relate to" employe benefit plans:
 [A] law relates to an employee welfare plan if it has "a connection with or reference to such a plan." . . . It [the Congress] did not mean to pre-empt only state laws specifically designed to affect employee benefit plans. . . . We also emphasized that to interpret the pre-emption clause to apply only to state laws dealing with the subject matters covered by ERISA, such as reporting, disclosure, *Page 294 
and fiduciary duties, would be incompatible with the provision's legislative history. . . .
. . . .
 Nor, in our view, is the deemer clause directed solely at laws governing the business of insurance. It is plainly directed at "any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." § 514 (b)(2)(B), 29 U.S.C. § 1144 (b)(2)(B). Moreover, it is difficult to understand why Congress would have included insurance contracts in the pre-emption clause if it meant only to preempt state laws relating to the operation of insurance as a business. . . . We view the language of the deemer clause, however, to be either coextensive with or broader, not narrower, than that of the saving clause.
FMC Corp., 498 U.S. at 58-64.
The only question remaining is whether the "saving clause,"29 U.S.C.A. § 1144 (b)(2)(A) (1985), allows the chapter 633 state regulation under its exemption of state laws regulating insurance or whether the "deemer clause," 29 U.S.C.A. § 1144
(b)(2)(B) (1985), controls. The United States Supreme Court tells us that the "deemer clause" controls in the case of self-funded plans:
 Our interpretation of the deemer clause makes clear that if a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts; if the plan in uninsured, the State may not regulate it. . . . [Case cite omitted]. . . . A construction of the deemer clause that exempts employee benefit plans from only those state regulations that encroach upon core ERISA concerns or that apply to insurance as a business would be fraught with administrative difficulties, necessitating definition of core ERISA concerns and of what constitutes business activity. *Page 295 
FMC Corp., 498 U.S at 64-65.
The United States Supreme Court has therefore held that the "deemer clause" exempts self-funded ERISA plans from state laws that regulate insurance regardless of whether those laws do or do not impact on ERISA core concerns. Chapter 633 dealing with core concerns is therefore clearly preempted. ERISA and section 633.16
preclude you from regulating administrators of self-funded or self-insured employe benefit plans.
JED:WMS *Page 296